UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,
GEORGE DAVIS, ERNIE JONES,
and RONALD WORDEN,

    Plaintiffs,

CASE NO. 09-CV-10231

v.

DISTRICT JUDGE LAWRENCE ZATKOFF
MAGISTRATE JUDGE CHARLES BINDER

MICHIGAN DEPARTMENT OF
CORRECTIONS, PATRICIA CARUSO,
MICHAEL MARTIN, and
JULIUS O. CURLING,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION
FOR SANCTIONS PURSUANT TO FR CIV P RULE 11**
(Doc. 23)
**PLAINTIFF GARRISON'S MOTION FOR IMMEDIATE CONSIDERATION**
(Doc. 27)
**AND**
**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SANCTIONS**
(Doc. 31)

**I.    Introduction**

On January 21, 2009, Plaintiff Garrison filed this civil rights complaint as co-plaintiff with George Davis, Ernie Jones, and Ronald Worden, who are also inmates in the custody of the Michigan Department of Corrections. U.S. District Judge Lawrence P. Zatkoff referred all pretrial proceedings to the undersigned magistrate judge on January 23, 2009. On March 26, 2009, this Court denied Plaintiff Garrison's first motion for immediate consideration, noting that Defendants' answers to the complaint were due on April 10, 2009. (Doc. 17.) In lieu of filing answers, Defendants filed the motion for sanctions (Doc. 23) that is currently before the Court.

Defendants' motion is premised on an injunction issued against Plaintiff Garrison by the Honorable Robert Holmes Bell of the United States District Court for the Western District of Michigan on February 7, 2008. Judge Bell enjoined Plaintiff Garrison from "filing or participating in any civil action in this court as a co-plaintiff."[1] Citing *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 52 S. Ct.238, 76 L. Ed. 289 (1932), Defendants contend that although the injunction was issued in the Western District of Michigan, it is to be given effect in all district courts in the United States, including this Court, pursuant to the Full Faith and Credit Clause, U.S. Const., Art. IV, § 1. Defendants assert that "Garrison clearly filed this action in violation of the injunction entered against him." (Doc. 23, Br. at 4.)

On May 26, 2009, Plaintiff Michael Garrison filed a second motion for immediate consideration, asserting that Defendants' motion for sanctions was frivolous and that Defendants should be sanctioned for failing to answer the complaint. (Doc. 27.) On June 10, 2009, Plaintiffs filed a motion to strike Defendants' motion for sanctions, informing this Court that the Court of Appeals for the Sixth Circuit had overturned the injunction entered by Judge Bell in the Western District. (Doc. 31.)

**II.   Discussion**

At the time Defendants filed their motion for sanctions in lieu of answers to the complaint, the injunction was in effect. Accordingly, I conclude that the motion was filed in good faith and the Court is unwilling to assign any error to Defendants' actions. It is unnecessary, however, to discuss whether the injunction issued in the Western District of Michigan is binding on this Court under the Full Faith and Credit Clause, because on May 28, 2009, the Sixth Circuit vacated Judge

---

[1] A copy of Judge Bell's Order of Dismissal and Permanent Injunction in *Garrison v. Michigan Dept. of Corrections*, W.D. Mich. Case No. 1:06-cv-869, is appended to Defendants' motion as Exhibit E.

Bell's injunction. *See Garrison v. Michigan Dep't of Corr.*, 2009 WL 1491463 (6th Cir. May 28, 2009). Accordingly, the Court finds that it is necessary to set a new deadline for Defendants to file their answers to the complaint so as to move this case forward.

## III. Conclusion

Therefore, Defendants' Motion for Sanctions (Doc. 23) is **DENIED AS MOOT**; Plaintiff Garrison's Motion for Immediate Consideration (Doc. 27) is **DENIED AS MOOT**; Plaintiff's Motion to Strike Defendants' Motion for Sanctions (Doc. 31) is **DENIED AS MOOT**, and Defendants are ordered to file answers to the complaint no later than **JULY 17, 2009**.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

          s/ *Charles E Binder*
          CHARLES E. BINDER
Dated: July 2, 2009           United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on and served on Julia Bell; served by first class mail on Michael Garrison, #237608, at West Shoreline Correctional Facility, 2500 S. Sheridan Dr., Muskegon Heights, MI, 49444-2665; George Davis, 10230 Legion Dr., Ste. Helen, MI, 48656-8230; Ernie Jones, #375655, Parr Highway Correctional Facility, 2727 E. Beecher St., Adrian, MI, 49221-3506; and Ronald Worden, #235201, Florence Crane Correctional Facility, 38 Fourth St., Coldwater, MI, 49036-8607.

Date: July 2, 2009         By   s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder